O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR ENCORE CREDIT RECEIVABLES TRUST 2005-1,<br><br>                Plaintiff,<br><br>         v.<br><br>PEGGY GOMEZ; DAVID ALAN BOUCHER; NORTH AMERICAN TITLE; EXPEDIA LENDING GROUP; ALL PARTIES WITH ANY RIGHT, TITLE, OR INTEREST IN THE REAL PROPERTY AT 16225 DOUBLEGROVE STREET, LA PUENTE, CALIFORNIA; and DOES 1 through 25,<br><br>                Defendants. | Case No. 2:12-cv-10622-ODW(JCx)<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS [9], [16]** |

## I.   INTRODUCTION

Defendants Boucher and Expedia Lending Group filed almost identical motions to dismiss Plaintiff Bank of New York Mellon's Complaint.  (ECF Nos. 9, 16.)  The Court finds that Defendants have not shown that Plaintiff failed to properly state a claim in its Complaint.  The Court therefore **DENIES** the motions to dismiss.[1]

/ / /

---

[1] **Error! Main Document Only.**Having carefully considered the papers filed in support of and in opposition to the instant motions, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On December 29, 2004, Joseph Cisneros and Defendant Peggy Gomez took out a $350,200 loan on the property located at 16225 Doublegrove Street, La Puente, California 91744. (Compl. ¶¶ 8, 11.) The loan was secured by a Deed of Trust, which was recorded in the Los Angeles County Recorder's Office. (*Id.* ¶ 11.)

Gomez and Cisneros fell behind on their payments. (*Id.* ¶ 12.) On August 8, 2011, a Notice of Default was recorded against the property. (*Id.*) On May 30, 2012, the property was sold at a non-judicial foreclosure sale. (*Id.* ¶ 14.) Plaintiff successfully bid on the property and received a Trustee's Deed Upon Sale. (*Id.*)

Boucher claimed to be Plaintiff's authorized agent and on August 22, 2012, executed an allegedly fraudulent Grant Deed, transferring all interest in the property from Plaintiff to Gomez. (*Id.* ¶ 19.) Along with the Grant Deed, Boucher executed a Notice for the Partial Cancellation of Debt by Set-Off, which states that Plaintiff transferred the property to Gomez in partial satisfaction of a $4.9 million debt owed to Gomez and Cisneros by Plaintiff. (*Id.* Ex. F.) Plaintiff vehemently denies having transferred any interest in the property back to Gomez. (*Id.* ¶ 21.)

On August 24, 2012, Gomez executed a Short Form Deed of Trust and Assignment of Rents in favor of Expedia, with Defendant North American Title as trustee. (*Id.* ¶ 27; Ex. G.)

On December 11, 2012, Plaintiff instituted this action, alleging causes of action for: (1) cancellation of the various instruments; (2) quiet title; (3) slander of title; and (4) declaratory relief. Boucher and Expedia now move to dismiss the Complaint.

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under

Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).

For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

## IV. DISCUSSION

Defendants' motions to dismiss are nearly identical—they are incoherent and do not state a grounds for dismissal. First, Defendants contend Plaintiff's verification of the Complaint is improper, and therefore the Complaint should be dismissed. Next, Defendants appear to argue that without production of documents from Plaintiff, the Complaint is somehow insufficient and should be dismissed. The Court addresses these arguments in turn.

### A. Verification of the Complaint

Defendants argue that Diane Weinberger, the person who verified the Complaint on behalf of Plaintiff, "is not a competent fact based witness, nor is she the trespassed party in this instant action." (ECF No. 4, at 3.) Defendants claim that Weinberger's verification is therefore invalid, rendering the Complaint invalid.

The general rule in federal court is that a party need not verify a complaint unless a federal rule or statute provides otherwise. Fed. R. Civ. P. 11(a). Plaintiff's analysis starts with the premise that this case is a quiet title action and therefore, is a proceeding in rem. *40235 Wash. St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992). Plaintiff then asserts that a complaint in an in rem action must be verified, and the Court must "look to the law of the state in which the district court is located to determine what constitutes proper verification" because the Federal Rules are silent on the correct form for a verification. Fed. R. Civ. P. Supplemental R. C(2)(a); *United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1404 (9th Cir. 1990), *abrogated on other grounds by Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 89 (1992).

This analysis is incorrect. In *United States v. $84,740.00 U.S. Currency*, the Ninth Circuit cited to Federal Rules of Civil Procedure Supplemental Rule C(2) and noted that a "complaint in an *in rem* action must be verified." 900 F.2d at 1404. Based on this holding, Plaintiff suggests that the Complaint needs to be verified because it is an in rem action. But this reading is too broad—that holding concerned a

U.S. Government civil-forfeiture action against illicitly-derived currency. 900 F.2d at 1403. The requirement of verifying a complaint does not apply in every in rem action brought in federal court. It is limited to actions described in the Supplemental Rules, and the Supplemental Rules only apply to admiralty and maritime claims or asset forfeiture actions. Fed. R. Civ. P. Supplemental R. A(1).

Notwithstanding Plaintiff's incorrect analysis, it was under no obligation to verify the Complaint. Thus, the Court **DENIES** the motions to dismiss on this ground.

### B.   Request for documents

Defendants also request a litany of documents in their motions—mostly originals of the documents referenced in the Complaint. Defendants appear to contend that this is a basis for dismissal because the Complaint is somehow defective unless Plaintiff produces these documents.

The Court **DENIES** Defendants' document requests and the motions to dismiss on this ground. This contention is not a proper basis for a dismissal. A motion to dismiss attacks the sufficiency of a plaintiff's pleadings. Failure to produce documents at this stage of litigation means nothing. Indeed, no discovery shall commence until the parties have conducted their Rule 26(f) conference. Fed. R. Civ. P. (d)(1).

### C.   Artificial entities cannot proceed pro se

Plaintiff also argues that Nicholas Griego cannot represent Expedia Lending Group for the purposes of the motion because Griego is not a licensed attorney. A corporation may appear in the federal courts only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

But it is unclear exactly what type of entity Expedia Lending Group is. If it is the case that Expedia Lending Group is an alias under which Griego does business, then Griego may represent himself pro se. Nevertheless, because the motions to dismiss are **DENIED** on other grounds, the Court needs not rule on this point.

## V. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss are **DENIED**. Defendants shall have 14 days to file an answer.

Further, the Court advises Defendants that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and from 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers on-site information and guidance to individuals who are representing themselves in federal civil actions. Defendants are strongly encouraged to visit the clinic prior to filing their answer.

**IT IS SO ORDERED.**

March 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**